UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   **Case No. 03-CR-83**
                                                    APPEAL NO. 04-1330

BENJAMIN GUZMAN-RAMIREZ,

    Defendant.

**STATEMENT ON REMAND**

      Defendant Benjamin Guzman-Ramirez was convicted of illegal reentry after deportation for an aggravated felony contrary to 8 U.S.C. §§ 1326(a) and (b). He entered a plea of guilty to the offense and was sentenced pursuant to the United States Sentencing Guidelines to seventy months in the custody of the Bureau of Prisons prior to the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005). The sentence was ordered to run consecutively to the defendant's six-year sentence in Milwaukee County Circuit Court for possession of cocaine with the intent to deliver. The defendant appealed, and the case is now before me following a limited remand from United States Court of Appeals for the Seventh Circuit pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005).

      A *Paladino* remand requires the district court to advise the court of appeals whether it would (if required to resentence) reimpose its original sentence. The remand is necessary to allow the court of appeals to determine whether the district court's original sentence constituted plain error that would require vacating the court's original sentence. If the district court indicates that its sentence would not have been different, the court of appeals will review the original sentence for

reasonableness in light of *Booker*. If, on the other hand, the district court indicates its sentence would likely have been different, the court of appeals will vacate the sentence and remand the case for resentencing. 401 F.3d at 483-84.

The question of whether the court would have sentenced the defendant differently in light of *Booker* requires consideration of the general sentencing factors set forth in 18 U.S.C. § 3553. That section requires the court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." Section 3553(a)(1). The court must also consider the need for the sentence imposed–

> [A] to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> [B] to afford adequate deterrence to criminal conduct;
> [C] to protect the public from further crimes of the defendants; and
> [D] to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner;

Section 3553(a)(2). The court must also consider the kinds of sentences and sentencing range applicable under the circumstances of the case, any pertinent policy statements, the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offense. The court must impose a sentence "sufficient but not greater than necessary, to comply with the purposes set forth in the statute." Section 3553(a).

These factors, to the extent relevant, have already been considered by the court as part of its determination whether to impose a concurrent or a consecutive sentence in this case. As noted above, the defendant was serving a six-year state sentence for possession of cocaine with intent to deliver at the time he was sentenced in this case. Much of the sentencing hearing was devoted to whether the sentence imposed by the court should run consecutive to, or concurrent with, the state

2

sentence. This court considered the §3553 factors as required under 18 U.S.C. § 3583(b) in making its determination that the sentence imposed would run consecutively to the sentence the defendant was then serving. In other words, notwithstanding the fact that *Booker* had not yet been issued, this court exercised the very discretion that *Booker* now allows in imposing the original sentence. Thus, I am unable to say that the fact that the United States Sentencing Guidelines are now advisory would have changed my decision.

This court has deviated from the Guideline range in several illegal reentry cases since *Booker* was decided. But this case lacked many of the mitigating factors that were present in those cases. Here, the defendant had an extensive and escalating record of drug use and trafficking (the most recent offense involving almost 500 grams of cocaine), had exhibited violent conduct toward law enforcement when apprehended on two occasions, had been voluntarily deported on three previous occasions, and had little history of legitimate gainful employment in this country. Although both parents and several siblings lived here, his son and fiancé lived in Mexico, along with two brothers. Upon consideration of these facts and the absence of any mitigating factors, I concluded that a sentence within the guidelines was appropriate and directed that it run consecutive to the defendant's previous sentence. For the reasons stated in my original sentence, and given the defendant's extensive criminal history and previous deportations from this country, I conclude that, were I to resentence the defendant, I would reach the same result. In other words, *Booker* would not cause the court to impose a sentence different from that originally imposed.

Dated this   17th   day of August, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

3